UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donna M. Gibson and John David Gibson,

    Plaintiffs,

v.                                                                                            Case No. 06-11232

MBNA America Bank, N.A., Wolpoff & Abramson,        Honorable Sean F. Cox
L.L.P., Rebecca Kreisher, esquire, Jane Doe,
John Doe, and One Up,

    Defendants.
_____/

## ORDER REGARDING SERVICE OF DEFENDANT REBECCA KREISHER

Plaintiffs Donna M. Gibson and John David Gibson ("Plaintiffs"), acting *pro se*, filed this action on March 23, 2006, against the following Defendants: 1) MBNA America Bank, N.A. ("MBNA"); 2) Wolpoff & Abramson, L.L.P. ("Wolpoff & Abramson"); 3) Rebecca Kreisher ("Kreisher"); 4) Jane Doe; 5) John Doe; and 6) One Up. Plaintiff asserts that Jane Doe, John Doe and One Up are natural persons whose true names are not known but are agents and/or employees of Wolpoff & Abramson.

On October 2, 2006, this Court issued an "Order Directing Plaintiffs to Show Cause" why the action should not be dismissed. (*See* 10/2/06 Order). That Order explained that while this action was filed on March 23, 2006, a review of the record revealed that no summons had been returned executed as to Defendants as of October 2, 2006, and that the time for service under FED. R. CIV. P. 4(m) had expired.

FED. R. CIV. P. 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion

or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Plaintiffs were ordered to show cause in writing on or before October 13, 2006, why this case should not be dismissed for failure to effect timely service of process.

On October 6, 2006, Plaintiffs filed certificates of service/summons returned executed, which claim that service has been executed on the following Defendants: MBNA, Wolpoff & Abramson, Jane Doe, John Doe and One Up.  On that same date, Plaintiffs also filed a letter to the Court in response to the Show Cause Order.  The letter states that Plaintiffs have not served Defendant Kreisher because Plaintiffs have been unable to locate her.  Although she has not been served in any manner, Plaintiffs nevertheless ask this Court to "enter her" into this lawsuit.  Plaintiffs provide no authority for their request, nor do they request any method of alternative service upon Kreisher.

Given that Plaintiffs are proceeding *pro se* in this action, the Court will allow Plaintiffs 30 days from the date of this Order to locate and serve Defendant Kreisher.  If Plaintiffs fail to serve Kreisher within 30 days of the date of this order, however, Kreisher will be dismissed from this action without prejudice.

Accordingly, **IT IS ORDERED** that Plaintiffs shall have 30 days from the date of this Order to serve Defendant Kreisher.  **IT IS FURTHER ORDERED** that if Plaintiffs fail to serve Defendant Kreisher within that time period, the Court will order Defendant Kreisher dismissed

from this action without prejudice.

**IT IS SO ORDERED**.

                                        S/Sean F. Cox
                                        SEAN F. COX
                                        UNITED STATES DISTRICT JUDGE

Dated: December 26, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that on December 26, 2006 the foregoing order was served upon counsel of record via the Court's ECF System and via U. S. Mail upon:

Donna and John Gibson
6456 Mast Road
Dexter, MI 48130

                                        s/Jennifer Hernandez
                                        Case Manager to
                                        District Judge Sean F. Cox