UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donna M. Gibson and John David Gibson,

    Plaintiffs,

v.                                                                                             Case No. 06-11232

MBNA America Bank, N.A., Wolpoff & Abramson,    Honorable Sean F. Cox
L.L.P., Rebecca Kreisher, esquire, Jane Doe,
John Doe, and One Up,

    Defendants.
_____/

## OPINION & ORDER

Plaintiffs Donna M. Gibson and John David Gibson ("Plaintiffs"), acting *pro se*, filed this action on March 23, 2006, against the following Defendants: 1) MBNA America Bank, N.A. ("MBNA"); 2) Wolpoff & Abramson, L.L.P. ("Wolpoff & Abramson"); 3) Rebecca Kreisher ("Kreisher"); 4) Jane Doe; 5) John Doe; and 6) One Up.  The matter is currently before the Court on: 1) Defendant Wolpoff & Abramson's Motion to Set Aside Entry of Default; 2) Defendant MBNA's Motion to Set Aside Entry of Default; 3) a motion by MBNA and Abramson & Wolpoff seeking leave to file answers to Plaintiffs' complaint; and 4) Plaintiffs' Motion for Default Judgment as to MBNA and Wolpoff & Abramson.  The Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motions will be decided upon the briefs.  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  For the reasons set forth below, the Court shall GRANT both motions seeking to set aside the clerk's entries of default and the related motions seeking leave to file answers to Plaintiffs' complaint.  Given those rulings, the Court shall also DENY Plaintiffs' motion seeking a default judgment.

BACKGROUND

Plaintiffs filed this action on March 23, 2006, against the following Defendants: 1) MBNA; 2) Wolpoff & Abramson; 3) Kreisher; 4) Jane Doe; 5) John Doe; and 6) One Up. Plaintiff asserts that Jane Doe, John Doe and One Up are natural persons whose true names are not known but are agents and/or employees of Wolpoff & Abramson.

On October 2, 2006, this Court issued an "Order Directing Plaintiffs to Show Cause" why the action should not be dismissed. (*See* 10/2/06 Order). That Order explained that while this action was filed on March 23, 2006, a review of the record revealed that no summons had been returned executed as to Defendants as of October 2, 2006, and that the time for service under FED. R. CIV. P. 4(m)[1] had expired. Plaintiffs were ordered to show cause in writing on or before October 13, 2006, why this case should not be dismissed for failure to effect timely service of process.

On October 6, 2006, Plaintiffs filed certificates of service/summons returned executed, which claim that service has been executed on the following Defendants: MBNA, Wolpoff & Abramson, Jane Doe, John Doe and One Up. Defendant Kreisher was ultimately dismissed for failure to serve her. (*See* 12/26/06 and 2/8/07 Orders).

On October 6, 2006, Plaintiffs obtained a clerk's entry of default as to MBNA and on November 2, 2006, Plaintiffs obtained a clerk's entry of default as to Wolpoff & Abramson.

On March 2, 2007, Wolpoff & Abramson and MBNA (collectively "Defendants") filed motions seeking to set aside the clerk's entries of default against them [Docket Entry Nos. 16 & 17]. Defendants contend that: 1) their failure to answer the complaint was not wilful; 2) setting

---

[1] FED. R. CIV. P. 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."

aside the entries of default will not prejudice Plaintiffs; and 3) Defendants have meritorious defenses to the action.

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a nondispositive motion must be filed within 14 days after service of the motion.

To date, however, Plaintiffs have not filed any response in opposition to Defendants' motions seeking to set aside the clerk's entries of default and the time permitted for doing so has passed.

On March 9, 2007, Plaintiffs filed a motion seeking a default judgment against Defendants [Docket Entry No. 22]. Plaintiffs' motion does not address or respond to the merits of Defendants' pending motions seeking to set aside the clerk's entries of default in this action.

On March 26, 2007, MBNA and Wolpoff & Abramson filed a motion seeking leave to file an answer to Plaintiffs' complaint [Docket Entry No. 28].

## ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." When evaluating a motion to set aside a default, the court should consider three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986).

Here, Plaintiffs have not asserted that they will be prejudiced in any manner if the defaults are set aside and this case is tried on the merits. In addition, Defendants have asserted a meritorious defense to Plaintiffs' claims. Finally, the Court does not find any culpable conduct on the part of Defendants which would justify refusing to set aside the clerk's entries of default.

CONCLUSION & ORDER

Accordingly, **IT IS ORDERED** that Defendants' motions seeking to set aside the clerk's entries of default [Docket Entry Nos. 16 and 17] are hereby **GRANTED** and the clerk's entries of default [Docket Entry Nos. 9 and 13] are hereby **SET ASIDE**.

In light of this ruling, **IT IS FURTHER ORDERED** that: 1) Plaintiffs' motion seeking a default judgment [Docket Entry No. 22] is **DENIED**; and 2) Defendants' motion seeking leave to file an answer to Plaintiffs' complaint [Docket Entry No. 27] is **GRANTED**. Defendants shall file their answers to Plaintiff's complaint within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: April 4, 2007

I hereby certify that on April 4, 2007 a copy of the foregoing document was served upon counsel of record via electronic means and via First Class Mail upon:

Donna Gibson
and John D. Gibson
6456 Mast Road
Dexter, MI 48130

                S/Jennifer Hernandez
                Case Manager